**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4310**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONADUS LOWELL CHANEY, III,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:23-cr-00041-TSK-MJA-1)

Submitted:  May 20, 2025                        Decided:  June 30, 2025

Before RUSHING and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Hilary L. Godwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. Randolph J. Bernard, Acting United States Attorney, William Rhee, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonadus Chaney, III, appeals the district court's order denying Chaney's motion to dismiss his indictment challenging the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him. Chaney moved to dismiss his indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), arguing that § 922(g)(1) was unconstitutional as applied to him under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). After the district court denied Chaney's motion, he entered a conditional guilty plea, reserving his right to appeal the denial of his motion. The district court sentenced Chaney to 21 months' imprisonment, followed by 3 years' supervised release, and Chaney timely appealed. Finding no error, we affirm.

In *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024), *pet. for cert. filed*, No. 24-6818 (U.S. Mar. 20, 2025), this court concluded that intervening Supreme Court authority, including *Bruen*, did not abrogate this court's earlier precedent foreclosing as-applied challenges to § 922(g)(1) convictions "unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful." *Hunt*, 123 F.4th at 700 (internal quotation marks omitted). This court further held that § 922(g)(1) passes constitutional muster under *Bruen* without reference to the specific conviction establishing the defendant's felon status. *Id*. at 704-08. Therefore, Chaney's argument is foreclosed by *Hunt*.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*